IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DENNIS RAYMOND ALEXIO, Beneficiary Pre-1933 Private American National Citizen of the United States, | CIV. NO. 15-00507 JMS-BMK |
| Plaintiff, | ORDER:  (1) GRANTING IFP APPLICATION; (2) DENYING PETITION TO SEAL; AND (3) DISMISSING BILL IN EQUITY WITHOUT LEAVE TO AMEND |
| vs. | |
| BARACK OBAMA, Trustee, President/Commander in Chief, United States of America; JACOB LEW, Trustee, Secretary of the Treasury, United States of America, | |
| Defendants. | |

## ORDER:  (1) GRANTING IFP APPLICATION; (2) DENYING PETITION TO SEAL; AND (3) DISMISSING BILL IN EQUITY WITHOUT LEAVE TO AMEND

## I.  INTRODUCTION

On December 9, 2015, Plaintiff Dennis Raymond Alexio ("Plaintiff"),

proceeding pro se, filed the following documents:  (1) a Bill in Equity Petition for

Declaratory Relief, Enforcement of Trusts, Protections and Full Accounting ("Bill

in Equity"), seeking declaratory and injunctive relief and naming as Defendants

Barack Obama, Trustee, Commander in Chief, United States of America and Jacob

Lew, Trustee, Secretary of the Treasury, United States of America (collectively,

"Defendants"), (2) a Petition to Seal the Bill in Equity ("Petition to Seal"), (3) a

Civil Cover Sheet for Private American National Citizens/Non-Combatants ("Civil

Cover Sheet"), and (4) an Application to Proceed in District Court in forma

pauperis ("IFP Application").  Doc. Nos. 1-4.  The Civil Cover Sheet states that

the United States Constitution is a public trust and identifies Plaintiff as the

beneficiary and heir of that trust.[1]  Doc. No. 3, Civil Cover Sheet at 2.  Defendants

---

[1]  More specifically, the Civil Cover Sheet identifies Plaintiff as:

> Dennis Raymond:  Alexio, Beneficiary Non-statutory, Pre-March 9, 1933, Private American National Citizen of the United States of America protected by Section 1 of the Fourteenth Amendment to the Constitution for the United States of America; Beneficiary and Heir of the Constitution for the United States of America (the Trust) holding the right to a civilian due process of law secured by the Fifth Amendment to the Constitution for the United States; Privately residing outside of the UNITED STATES under military occupation and temporarily under emergency war powers military government since March 9, 1933; Privately residing outside of a "federal district" and/or a "federal territory" under emergency war powers military government since March 9, 1933; Without the emergency war powers military jurisdiction of the UNITED STATES temporarily-imposed on April 25, 1938; Without the military jurisdiction of the munical corporation of Washington, D.C. presently under emergency war powers military government since March 9, 1933; Non-statutory, Private Citizen of the State of Hawaii protected by Section 1 of the Fourteenth Amendment to the Constitution for the United States of America; Non-statutory, Private Resident of the State of Hawaii protected by Section 1 of the Fourteenth Amendment to the Constitution for the United States of America; Privately residing within the geographic State of Hawaii, on a non-militarily-occupied private estate; Privately residing outside of the STATE OF HAWAII under military occupation and temporarily under emergency war powers military government since March 9, 1933.

(continued...)

are identified as "Trustees" of the public trust, and of a private equity trust, allegedly created by the filing of Plaintiff's birth certificate, entitled "DENNIS RAYMOND ALEXIO."  Doc. No. 1, Bill in Equity ¶¶ 6-8, 18-19.  The Bill in Equity purports to provide notice of Plaintiff's "status" as beneficiary of these trusts, and seeks (1) a declaration from this court confirming such "status," and (2) injunctive relief enforcing the trusts by ordering Defendants to provide an accounting of all assets and property held in trust by Defendants for Plaintiff's benefit.[2]  *Id.* ¶ 24.  The Petition to Seal seeks an order sealing the Bill in Equity.  Doc. No. 3.

Pursuant to Local Rule 7.2(d), the court finds these matters suitable for disposition without a hearing.  For the reasons discussed below, the court GRANTS the IFP Application, DENIES the Petition to Seal, and DISMISSES the Bill in Equity without leave to amend.

///

///

---

[1](...continued)
Doc. No. 3, Civil Cover Sheet at 2.

[2]  Plaintiff instructed the Clerk of Court to open this as a miscellaneous case, but because he seeks declaratory and injunctive relief, the court directed the Clerk of Court to convert this action to a civil action.  *See Alexio v. Obama*, Misc. No. 15-00337 JMS-BMK, Doc. No. 6, Entering Order.

3

## II. <u>DISCUSSION</u>

### A.   Plaintiff's IFP Application Is Granted

Plaintiff's IFP Application indicates that he has no income or assets. Doc. No. 4 ¶¶ 2-5.  Plaintiff also reports that he has no monthly expenses, debts or other financial obligations.  *Id.* ¶¶ 6-8.  Because Plaintiff has made the required showing under 28 U.S.C. § 1915 to proceed *in forma pauperis* (*i.e.*, without prepayment of fees), the court GRANTS Plaintiff's IFP Application.

### B.   Plaintiff's Petition to Seal is Denied

Plaintiff seeks to seal the Bill in Equity contending that it "concerns extraordinary matters" and that the "DENNIS RAYMOND ALEXIO" trust documents are "special and private, restricted and confidential, proprietary and privileged to be seen only by the Chancellor in Chambers."  Doc. No. 3, Petition at 1.

Based on the "general right to inspect and copy public records and documents, including judicial records and documents," there is a "strong presumption" in favor or maintaining public access to judicial records that are not of a type "traditionally kept secret for important policy reasons."[3]  *Kamakana v.*

---

[3]  Records that are traditionally kept secret include "grand jury transcripts and warrant materials in the midst of a pre-indictment investigation."  *Kamakana v. City & Cty. of Honolulu,*

(continued...)

4

*City & Cty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006).  To overcome this strong presumption with respect to documents upon which an action is based, courts in the Ninth Circuit have applied the "compelling reasons" standard.  *See, e.g., Davies v. Broadcom Corp.*, --- F. Supp. 3d ----, 2015 WL 5545513, at *7 (C.D. Cal. Sept. 8, 2015) (applying "compelling reasons" standard to a complaint); *see also Delfino Green & Green v. Workers Compensation Solutions, LLC*, 2015 WL 4235356, at *2 (N.D. Cal. July 13, 2015) ("Because Plaintiff's complaint and Defendant's answer and counter-claim are the pleadings on which this action is based, the Court applies the 'compelling reasons' standard to Defendant's motions to seal.").

To meet this standard, the moving party "must 'articulate compelling reasons supported by specific factual findings' that outweigh . . . public policies favoring disclosure." *Kamakana*, 447 F. 3d at 1178-79 (quoting *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  The court may not rely on hypothesis or conjecture. *Foltz*, 331 F.3d at 1135.  In determining whether the moving party has presented a sufficiently compelling reason to seal judicial records, the court considers "the public interest in understanding the

---

[3](...continued)
447 F.3d 1172, 1178 (9th Cir. 2006).

judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Foltz*, 331 F.3d at 1135 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)); *Kamakana*, 447 F.3d at 1178-79.

Here, the Bill in Equity is a judicial record for which there is a "strong presumption" in favor of maintaining public access. *Kamakana*, 447 F.3d at 1178. And Plaintiff has failed to present "compelling reasons" supported by factual findings that outweigh this strong presumption. For example, Plaintiff's vague privacy concerns alone, absent identification of a legally cognizable basis for any restriction or privilege supporting sealing any portion of the Bill in Equity, are insufficient. In short, Plaintiff has utterly failed to meet his burden of "'articulat[ing] compelling reasons supported by specific factual findings' that outweigh . . . public policies favoring disclosure." Accordingly, the Petition to Seal is DENIED.

## C. Plaintiff's Bill in Equity is Dismissed Without Leave to Amend

### 1. The Bill in Equity

The Bill in Equity is largely unintelligible and incoherent. However, as best as the court can discern, it appears that Plaintiff, a citizen of Hawaii and the United States, believes that he acquired some form of alternate legal status

6

titled the "DENNIS RAYMOND ALEXIO" trust under the Trading With the

Enemy Act, 50 U.S.C. §§ 4301, *et seq*., and the Emergency Banking Relief Act of

1933, 12 U.S.C. §§ 95a, 95b, thereby precluding him from enjoying the benefits

guaranteed to citizens by the United States Constitution.  Doc. No. 1, Bill in

Equity ¶¶ 1, 6-13.  By executing a Release, or Declaration of Status, Plaintiff

alleges that he is now restored to private citizen sovereign status and is entitled to

rights as the beneficiary of both the public and private trusts, and an accounting of

assets held in trust allegedly for his benefit.  *Id.* ¶¶ 17, 24.  The Bill in Equity

further alleges that Defendants have failed to "do their duties as Trustees, the

President/Commander in chief refusing to provide protection and the Secretary of

the Treasury refusing to give a full accounting of all assets and property, as

demanded by" Plaintiff, in violation of the First, Second, Fifth, Thirteenth, and

Fourteenth Amendments to the Constitution.  *Id.* ¶¶ 21-22.  Plaintiff seeks a court

order (1) declaring his "status," and (2) enforcing these trusts by ordering

Defendants to provide Plaintiff protection, in the form of "special identification

documents," and a full accounting of all assets and property held in trust for his

benefit.  *Id.* ¶ 24.

///

///

7

## 2.    *Legal Standard*

The court must subject each civil action commenced pursuant to 28

U.S.C. § 1915(a) to mandatory screening, and order the dismissal of any claims it

finds "frivolous, malicious, failing to state a claim upon which relief may be

granted, or seeking monetary relief from a defendant immune from such relief."

28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir.

2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires"

the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a

claim); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding

that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

Plaintiff is appearing pro se; consequently, the court liberally

construes the Bill in Equity.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see*

*also Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court

has instructed the federal courts to liberally construe the 'inartful pleading' of pro

se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per

curiam)).  The court also recognizes that "[u]nless it is absolutely clear that no

amendment can cure the defect . . . a pro se litigant is entitled to notice of the

complaint's deficiencies and an opportunity to amend prior to dismissal of the

action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also*

*Crowley v. Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013).

      Nevertheless, the court may dismiss a complaint pursuant to Federal

Rule of Civil Procedure 12(b)(6) if it fails to "contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061,

1065 (9th Cir. 2008).  This tenet -- that the court must accept as true all of the

allegations contained in the complaint -- "is inapplicable to legal conclusions."

*Iqbal*, 556 U.S. at 678.  Accordingly, "[t]hreadbare recitals of the elements of a

cause of action, supported by mere conclusory statements, do not suffice." *Id.*

(citing *Twombly*, 550 U.S. at 555).  Rather, "[a] claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id*. at 1949

(citing *Twombly*, 550 U.S. at 556).  Factual allegations that only permit the court

to infer "the mere possibility of misconduct" do not show that the pleader is

entitled to relief as required by Rule 8. *Id.* at 679.

      A complaint must also meet the requirements of Federal Rule of Civil

Procedure 8, mandating that a complaint include a "short and plain statement of

the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  A district court may dismiss a complaint for failure to comply with Rule 8 where it fails to provide the defendant fair notice of the wrongs allegedly committed.  *See McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"); *cf. Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1105 n.4 (9th Cir. 2008) (finding dismissal under Rule 8 was in error where "the complaint provide[d] fair notice of the wrongs allegedly committed by defendants and [did] not qualify as overly verbose, confusing, or rambling").  Rule 8 requires more than "the-defendant-unlawfully-harmed-me accusation[s]" and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."  *Iqbal*, 556 U.S. at 678 (citations and quotations omitted).  "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."  *Id.* (quotation signals omitted).  "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit."  *McHenry*, 84 F.3d at 1179.

10

### 3.      *Application to the Bill in Equity*

Even construing the Bill in Equity liberally, it is an incoherent, unintelligible document that fails to comply with the pleading requirements set forth in the Federal Rules of Civil Procedure.  The pleading neither asserts "simple, concise, and direct allegations" against either Defendant, *see* Fed. R. Civ. P. 8, nor states any claim that is remotely plausible.  *See Iqbal*, 556 U.S. at 678 (explaining that to survive dismissal pursuant to Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face" (internal citation and quotation marks omitted)).  Plaintiff's vague allegations -- for example, that Defendants "refused to do their duties as Trustees" without alleging what such duties may be -- lack the required specificity to provide Defendants with fair notice of the wrongs they have allegedly committed.  Doc. No. 1, Bill in Equity ¶ 21; *see McHenry*, 84 F.3d at 1180.

And, as alleged, each claim identifies a particular constitutional amendment followed by Plaintiff's rambling interpretation of the protections guaranteed by such amendment based on application of the Trading With the Enemy Act, the Emergency Banking Relief Act, and the Bible.[4]  Doc. No. 1, Bill

---

[4]  For example, Plaintiff's first claim states:

(continued...)

in Equity ¶ 22.  These allegations utterly fail to state a plausible claim for relief.

*See Dvornekovic v. Obama*, 2015 WL 6164780, at *2 (C.D. Cal. July 28, 2015)

(dismissing "Bill in Equity" based on nearly identical allegations and claims for,

among other reasons, "wholly fail[ing] to comply with the pleading standards of

the Federal Rules of Civil Procedure"); *see also McHenry*, 84 F.3d at 1177-80

(affirming dismissal of "argumentative, prolix [complaint], replete with

redundancy and largely irrelevant"); *Iqbal*, 556 U.S. at 678 ("A pleading that

offers labels and conclusions" that are "devoid of further factual enhancement" or

"a formulaic recitation of the elements of a cause of action will not do.").

Moreover, as this court noted in *United States v. Alexio*, 2015 WL

4069160 (D. Haw. July 2, 2015), similar allegations regarding Plaintiff's "status"

show that Plaintiff adheres to a "sovereign citizen," "redemption," or other similar

theory, all of which have been "flatly rejected" by numerous courts as "frivolous,

---

[4](...continued)
   **First Amendment**:  guaranteeing to every Pre-March 9, 1933,
   Private American National Citizen freedom of conscience/freedom
   of worship securing Complainant's Biblical duty to "***submit . . . to
   the king, as supreme***" and "***honor the king*** (1 Peter 2:13, 17), "***the
   king***" being the sovereign "**We the People**" of the United States of
   America as they spoke by their written Constitution for the United
   States of America, the supreme law of the land in opposition to the
   current "Trading With the Enemy Act" (50 USC App. 5(b)) as
   amended by the "Emergency Banking Relief Act" (12 USC 95a)[.]

Doc. No. 1, Bill in Equity ¶ 22.a.

irrational [and] unintelligible." *Id.* at **2-4 (explaining in more detail each theory and collecting cases); *see also Alexio v. Obama*, 2015 WL 5440800, at *3 (D. Haw. Sept. 15, 2015) (noting uniform rejection of sovereign citizen theories and dismissing with prejudice a nearly identical "Bill in Equity").

Finally, as is evident from the nature of Plaintiff's allegations and the uniform rejection of claims and arguments based on similar allegations by numerous courts, it would be futile to grant leave to amend.

## III.  <u>CONCLUSION</u>

For the reasons stated above, the court GRANTS Plaintiff's IFP Application, DENIES the Petition to Seal, and DISMISSES the Bill in Equity without leave to amend.  The Clerk of Court is DIRECTED to close this case.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, December 16, 2015.



   /s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Alexio v. Obama*, Civ. No. 15-00507 JMS-BMK, Order:  (1) Granting IFP Application; (2) Denying Petition to Seal; and (3) Dismissing Bill in Equity Without Leave to Amend